Mr. Bill Lundy, Chairman Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, Arkansas 72203
Dear Mr. Lundy:
This is in response to your request for an opinion on whether the Director of the Department of Finance and Administration ("DFA") may assign a designee to attend meetings of the Arkansas Fire and Police Pension Review Board ("Board"). You note that the Director of DFA is a new member of the Board by virtue of Act 543 of 1999. You state that under current Board rules, appointed members of the Pension Review Board may not use "proxies" or designees on the Board. You note, however, that the Director of DFA has written to the Board and named a designee to serve on the Board. Your specific question is whether the Board can "legally recognize this designee as a voting member of the Board."
RESPONSE
It is my opinion that the law does not provide for the Director of DFA to appoint a designee to vote in his stead on the Board. As such, the vote of such designee may not be counted.
Act 543 of 1999 amends A.C.A. § 24-11-203(b)(1), which details the composition of the Arkansas Fire and Police Pension Review Board. The Act increases the total number of members from seven to nine, adding an additional member appointed by the Governor from a list submitted by the Arkansas Municipal League, and adding "the Director of the Department of Finance and Administration" as a new member.
Specifically, the amended subsection now reads in pertinent part:
(b)(1) The board shall be composed of nine (9) persons as follows:
 (A) Two (2) firefighters, one of whom shall be appointed by the Governor from a list submitted by the Arkansas Council of Professional Fire Fighters and the other from a list submitted by the Arkansas State Fire Fighters Association;
 (B) Two (2) police officers to be appointed by the Governor, one from a list submitted by the Arkansas Municipal Police Association and the other from a list submitted by the Fraternal Order of Police;
 (C) Three (3) persons to be appointed by the Governor from a list submitted by the Arkansas Municipal League;
 (D) One (1) person who is not a member, retirant, or beneficiary of the system and who is not a current or former member of the governing body of any political subdivision, to be appointed by the Governor from a list of persons submitted to him by the Joint Committee on Public Retirement, and
(E) The Director of the Department of Finance and Administration.
The emphasized language was added by the 1999 act. The language of the Act is mandatory, i.e., the "board shall be composed of" the members listed. (Emphasis added.) My predecessor, in an analogous context, has opined that where the language of the statute is mandatory and the substitution of designees is not mentioned, the votes of a designee should not be counted. See Op. Att'y. Gen. 94-130. The opinion noted that "if the legislature had intended for the [officer] to be able to appoint a `designee' to fill his position on the committee, it would be specifically so stated. . . ."
In my opinion this conclusion receives some support, in the current instance, from the fact that in several other places in the statutes of Arkansas, the Director of the Department of Finance and Administration is expressly authorized to appoint a designee to attend similar board meetings. See e.g., A.C.A. § 13-4-105(a)(6) (DFA Director or his designee to be a member of the State Records Commission); A.C.A. §15-5-202(a) (DFA Director or his designee to be member of the Arkansas Development Finance Authority); A.C.A. § 20-64-1002 (b)(1) and (b)(1)(G) (DFA Director or "appropriate designee" to serve on Alcohol and Drug Abuse Coordinating Council); A.C.A. § 21-2-705(c)(3) (DFA Director and other members generally authorized to send fully empowered designee to meetings of Governmental Bonding Board); A.C.A. § 22-5-804 (a) (DFA Director or his designee to be member of Natural Resources Committee); and A.C.A. § 25-27-103(a)(3) (DFA Director or his designee to be member of the Information Network of Arkansas board).
It may well have been the legislative intention to authorize the Director of the Department of Finance and Administration to send a designee to meetings of the Arkansas Fire and Police Pension Review Board. This intention, however, is simply not expressed in the plain language of Act 543 of 1999. Absent some ambiguity in this regard, the plain language will control. See e.g., Mountain Home School District No. 9 v. T.M.J.Builders, Inc., 313 Ark. 661, 858 S.W.2d 74 (1993).
It is my opinion therefore, that a designee of the Director of Department of Finance and Administration may not lawfully vote at meetings of the Arkansas Fire and Police Pension Review Board.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh